IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SUSAN HAERTEL-TURTON,         )
         )
        Plaintiff,         )
         )
   -vs-         )        Civil Action No.  15-535
         )
CAROLYN W. COLVIN,         )
COMMISSIONER OF SOCIAL SECURITY,         )
         )
        Defendant.         )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed briefs in support of their motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 11).

## I.    BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she has been disabled since June 1, 2010 and amended that date at the hearing to June 1, 2012. (ECF No. 7-6, pp. 2, 9; No. 7-2, p. 59). Administrative Law Judge ("ALJ"), Joanna Papazekos, held hearings on June 12, 2013 and November 18, 2013. (ECF No. 7-2, pp. 35-95). On December 24, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 21-30).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 10 and 12). The issues are now ripe for review.

## II.   LEGAL ANALYSIS

### A.   Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    Residual Functional Capacity (RFC")[1]**

Plaintiff submits that the ALJ erred in assessing her RFC. (ECF No. 11). Plaintiff contends that the RFC found by the ALJ does not comport with rationale given in the body of the decision. *Id.* Specifically, Plaintiff suggests that the ALJ gave "considerable weight" to the state agency doctor's findings which found Plaintiff limited to standing and/or walking for a total of 4 hours a day, yet the ALJ found that Plaintiff has the RFC to perform light work, which permits standing and/or walking for a total of 6 hours a day. *Id.* at pp. 4-6. In other words, Plaintiff asserts that the ALJ's RFC finding that Plaintiff is limited to light work is not supported by substantial evidence. As a result, Plaintiff submits that remand is required. *Id.*

After a review of the record, I agree with Plaintiff. To begin with, the ALJ summarily gave "considerable weight" to the opinion of the state agency medical consultants. (ECF No. 7-

---

[1] RFC or residual functional capacity refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform light work with numerous exceptions. (ECF No. 7-2, p. 25).

2, p. 28). The state agency medical consultant, Dr. Fox, found that Plaintiff could stand and/or walk for only 4 hours a day. (ECF No. 7-3, p. 10). Presumably, therefore, this is the opinion evidence upon which the ALJ based the RFC. The RFC, however, finds Plaintiff capable of light work. (ECF No. 7-2, p. 25). "[L]ight work generally requires the ability to stand and carry weight for approximately six hours of an eight hour day." *Jesurum v. Sec. of Health & Human Servs.,* 48 F.3d 114, 119 (3d Cir.1995) (citing Social Security Ruling 83–10); *Fargnoli v. Massanari*, 247 F.3d 34, 40 (3d Cir. 2001). Thus, the rationale for the RFC does not match the RFC given. *See,* ECF No. 7-2, pp. 25-28.

There is no doubt that the ALJ is permitted to reject the state agency medical consultant's opinion that Plaintiff could stand and/or walk for only 4 hours a day, but the ALJ must give specific and valid reasons for doing so. Since the ALJ failed to provide any analysis as to why she ostensibly rejected Dr. Fox's opinion as it relates to Plaintiff's stand/walk limitation, after having stated that she was giving it considerable weight, I am unable to make a meaningful review as to whether the decision is based on substantial evidence.

In opposition, Defendant argues that by placing the additional limitation of restricting Plaintiff to "alternate sitting and standing at hourly intervals," the ALJ limited Plaintiff to no more than four hours of standing/walking per day. (ECF No. 13). Thus, Defendant submits that the ALJ's RFC assessment is fully consistent with Dr. Fox's opinion. *Id.* at p. 6. After reviewing the ALJ's decision, I cannot find merit in this argument. The ALJ initially weighed the opinion evidence of Dr. Love, an examining consultant. (ECF No. 7-2, p. 28). The ALJ stated that Dr. Love's opinion that Plaintiff could stand/walk for no more than four hours was an "overstatement of the claimant's limitations." (ECF No. 7-2, p. 28). If the ALJ specifically found that it was an overstatement that Plaintiff could stand/walk for no more than four hours, then it is unreasonable to assume that the ALJ was making an accommodation in the RFC that limited Plaintiff to standing/walking no more than four hours a day.

After a review of the record, I am utterly confused as to what evidence the ALJ relied upon in determining that Plaintiff had an RFC to perform light work, *including stand/walk for about 6 hours.* Her opinion is completely confounding on this point. As a result, I find the ALJ's opinion is not based on substantial evidence. Therefore, I find the ALJ erred in this regard. Consequently, remand is warranted on this basis. On remand, the ALJ is instructed to reconsider the opinion evidence and clarify her opinion as it relates to Plaintiff's RFC and the basis for the same. [2]

Plaintiff also argues that the ALJ erred in failing to ask the vocational expert hypothetical questions that accurately reflect Plaintiff's impairments. (ECF No. 11, pp. 6-7). An ALJ is required to accept only hypothetical questions which accurately reflect a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984)*; Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987). Since I have found that remand is warranted as set forth above, remand is similarly warranted on this basis as well.

An appropriate order shall follow.

---

[2] While Plaintiff does not directly attack the reason given by the ALJ for assigning "considerable weight" to the opinion of Dr. Fox, since I am remanding this case, I find I am compelled to comment upon the same. The singular reason given by the ALJ for assigning "considerable weight" to Dr. Fox's opinion is that he "had the benefit of reviewing all medical evidence in the record at the time of the initial determination." (ECF No. 7-2, p. 28). This is not a valid or acceptable reason for assigning an opinion weight. Support within the medical evidence of record and consistency with other evidence in the record are essential. *See, Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at \*5 (3d Cir. Dec. 14, 2010). I note that an ALJ may choose whom to credit when faced with a conflict, but he cannot accept or reject evidence for no reason or for the wrong reason. *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009). On remand, the ALJ is instructed to provide specific and valid reasons for accepting and/or rejecting all of the medical opinion evidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SUSAN HAERTEL-TURTON,                    )
                                         )
           Plaintiff,                    )
                                         )
  -vs-                                   )          Civil Action No.  15-535
                                         )
CAROLYN W. COLVIN,                       )
COMMISSIONER OF SOCIAL SECURITY,         )
                                         )
           Defendant.                    )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 25th day of January, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is granted and Defendant's Motion for Summary Judgment (Docket No. 12) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.


                              BY THE COURT:

                              s/ Donetta W. Ambrose
                                   Donetta W. Ambrose
                                   United States Senior District Judge